IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Civil Action No. 2:24-00960-RMG-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Samantha Burdette, Nurse Driver, Dr. McCree., | |
| Defendants. | |

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. As explained in the undersigned's initial order (Dkt. No. 1), the instant case was severed from Case No. 2:23-cv-05273-RMG-MGB on February 26, 2024 and is limited to Plaintiff's claims against Samantha Burdette, Nurse Driver, and Dr. McCree (collectively, "Defendants"), summarized below. Before the Court is Plaintiff's Motion for Temporary Restraining Order.[1] (Dkt. No. 23.) For the reasons set forth below, the undersigned recommends Plaintiff's Motion be denied.

## BACKGROUND

The following allegations in Plaintiff's Complaint (Dkt. No. 2) pertain to the three Defendants in this action. More specifically, Plaintiff claims that he received his first dose of the Moderna COVID-19 vaccine on July 22, 2022, after which he developed "a knot on [his] arm at the injection site" and "shortness of breath." (Dkt. No. 2 at 1.) Plaintiff notified Defendants Driver, Burdette, and McCree, who told him "there was nothing that could be done." (*Id.*) However, Plaintiff continued to experience shortness of breath and labored breathing, so Defendant McCree

---

[1] Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge.

1

eventually sent Plaintiff to get an x-ray of his lungs on August 17, 2022. (*Id*.; Dkt. No. 2-1 at 4.) The x-ray apparently revealed "calcified nodules" on Plaintiff's left helium. (Dkt. No. 2 at 1; Dkt. No. 2-1 at 4.) Notwithstanding these results, Defendants Driver, Burdette, and McCree still gave Plaintiff the second dose of the Moderna vaccine the following day. (Dkt. No. 2 at 1; Dkt. No. 2-1 at 4.) Plaintiff immediately began to develop "knots" in his arms, stomach, and throat. (Dkt. No. 2 at 1; Dkt. No. 2-1 at 4.) According to Plaintiff, "the pain of the knots in [his] throat was unbearable" and impeded his ability to swallow food. (Dkt. No. 2 at 1–2.)

Plaintiff claims that despite continuing to complain about these "knots" for months, he "was never given anything for [the] pain." (Dkt. No. 2-1 at 4–5.) After filing a motion to receive medical treatment in a separate civil action before this Court,[2] Plaintiff saw an ENT who told him that "they shouldn't have given [him] the second dose once the nodules appeared in [his] body especially in [his] lungs." (*Id*. at 6.) The ENT also stated that he needed to perform a biopsy of one of the nodules "to see what's really going [on]," but Plaintiff has yet to be scheduled for the procedure. (Dkt. No. 2 at 2.) Moreover, he has "lost over 40 pounds and can barely swallow solid food." (*Id*.) He claims that his "condition continues to worsen without any treatment." (*Id*. at 3.)

As noted above, Plaintiff initially filed the Complaint containing the foregoing allegations on October 23, 2023, in Case No. 2:23-cv-05273-RMG-MGB. On February 26, 2024, the undersigned severed the allegations comprising this portion of the Complaint into the instant lawsuit and construed this action as alleging violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment against Defendants Burdette, Driver, and McCree. (Dkt. No. 1.)

---

[2] *See Collins v. Bernedette*, No. 2:22-cv-1391-RMG-MGB.

Plaintiff signed his Motion for Temporary Restraining Order on June 25, 2024 and it was filed on August 5, 2024. (Dkt. No. 23.) Defendants filed a response in opposition on August 19, 2024 (Dkt. No. 27), to which Plaintiff did not file a reply. Plaintiff's Motion is ready for review.

## STANDARD

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. 6:18-cv-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018); *see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction). To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In his Motion for Temporary Restraining Order, Plaintiff complains that "SCDC medical staff is retaliating against me by denying me adequate medical care." (Dkt. No. 23 at 1.) According to Plaintiff, "Defendant McCree put in an order for Plaintiff's orthopedic shoes and SCDC medical staff refuses to issue them to Plaintiff." (*Id.*) Plaintiff further alleges that he has "been bleeding

3

from the rectum heavily" and his scheduled colonoscopy has been repeatedly delayed "solely because of my multiple lawsuits against medical staff in SCDC." (*Id*. at 1–2.) Plaintiff states he is in pain every day, and he has "not been given anything for pain." (*Id.* at 2.) Plaintiff asks that the Court order that Plaintiff "be given orthopedic shoes and a colonoscopy immediately." (*Id.*)

In support, Plaintiff has submitted a portion of his medical record dated September 26, 2023. Relevant here, this record states, "Shoes are worn out and is in need of new apex shoes" and "Was scheduled for previous procedure but was cancelled due to lockup. Needs Upper GI done" related to Plaintiff's diagnoses of "throat nodules." (Dkt. No. 23-1.) Plaintiff has also submitted a request to staff member he sent to the "Head Nurse" on December 13, 2023, complaining that he needs to be seen about his "foot and shoulder," and he also needs new "shoes ordered." (Dkt. No. 23-2.) In their response, Defendants state that Plaintiff's unsupported allegations of retaliation and deliberate indifference fail to satisfy the *Winter* factors. (Dkt. No. 27.)

Upon review, there is no basis to grant Plaintiff's Motion. As an initial matter, Plaintiff's claims in this action stem from Defendants' alleged failure to treat the "knots" Plaintiff developed after receiving the Moderna COVID-19 vaccine. (Dkt. No. 2 at 1–5.) The issues raised in the instant motion concerning Plaintiff's need for a colonoscopy and orthopedic shoes are unrelated to Plaintiff's Eighth Amendment claims against Defendants. Accordingly, his Motion for a Temporary Restraining Order should be denied as unrelated to the issues in this action. *See Collins v. Taylor et al*, No. 2:23-cv-01169-RMG-MGB, Dkt. No. 29 at 2–3 (Sept. 6, 2023) (denying Plaintiff's Motion for TRO because "when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining order is absent").

Even assuming that the basis of the suit and the temporary restraining order were the same, the undersigned recommends that Plaintiff has failed to make the required showing under *Winter*.

4

First, Plaintiff has failed to show that he will succeed on the merits. Other than conclusory allegations, Plaintiff offers no evidence that his "multiple lawsuits" are a substantial or motivating factor in his current medical treatment. *See Wade v. MacDonald*, No. 7:21-cv-00560, 2022 WL 2532462, at *4 (W.D. Va. July 7, 2022) ("Bare assertions of retaliation are insufficient to state a § 1983 claim. Instead, the inmate must come forward with specific evidence to establish that "'but for the retaliatory motive, the complained [-] of incident . . . would not have occurred.'" (quoting *Brown v. Ratledge*, No. 7:16-cv-303, 2017 WL 4404248 at *7, (W.D. Va. Sep. 29, 2017)).

Further, Plaintiff offers no allegations or evidence that any Defendant in this action, or more generally, a specific SCDC employee, has been deliberately indifferent to Plaintiff's alleged need for a colonoscopy and orthopedic shoes. While Plaintiff alleges Defendant McCree "put in an order for Plaintiff's orthopedic shoes," Plaintiff does not allege that McCree is aware of any delay in Plaintiff's receipt of the ordered shoes or that McCree is otherwise responsible for ensuring the shoes' delivery to Plaintiff. And, other than this reference to Defendant McCree, Plaintiff does not otherwise indicate Defendants are involved with the medical issues raised in his Motion for Temporary Restraining Order.

Without more, the undersigned cannot find Plaintiff has shown he is likely to succeed on the merits of a deliberate indifference claim. *See Griffin v. Mortier*, 837 F. App'x 166, 170 (4th Cir. 2020) ("In the context of a claim related to the denial of medical treatment or a delay in providing such treatment, 'a defendant acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal

quotations and citation omitted)). To the extent Plaintiff believes any specific individuals have been deliberately indifferent to the medical issues raised in his Motion for Temporary Restraining Order, such allegations would be more appropriately considered in a separate lawsuit.

Next, Plaintiff has failed to make a clear showing that he will suffer irreparable harm absent the injunctive relief. On this issue, Plaintiff offers mainly unverified, conclusory allegations. Finally, Plaintiff has failed to establish that the balance of equities tips in his favor, and he has failed to show that an injunction is in the public interest.

## **CONCLUSION**

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 23) be **DENIED**.

**IT IS SO RECOMMENDED.**

October 28, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).