IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>        Plaintiff,<br>  v.<br><br>Samantha Burdette, Nurse Driver, and Dr. McCree,<br><br>        Defendants. | Case No. 2:24-cv-960-RMG<br><br>**ORDER** |

      Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending Plaintiff's motion for a Temporary Restraining Order ("TRO") be denied. (Dkt. No. 41). Defendant file no objection to the R & R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion for a TRO.

## Background

      This action asserts claims by Plaintiff that Defendants were deliberately indifferent to complications which he allegedly suffered following the administration of the Moderna COVID-19 vaccine. Plaintiff's motion for a TRO alleges that the South Carolina Department of Corrections Medical Staff was retaliating against him by failing to timely schedule a colonoscopy and provide him orthopedic shoes. (Dkt. No. 23). Plaintiff seeks a TRO directing that "plaintiff be given orthopedic shoes and a colonoscopy immediately." (*Id.* at 2).

**Legal Standard**

    A. **Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    B. **Motion for a TRO**

"The standard for granting a temporary restraining order or a preliminary injunction is the same." *Cricket Store 17, LLC v. City of Columbia*, 996 F. Supp. 2d 422, 427 (D.S.C. 2014). Importantly, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950

(11th Cir. 1997). It follows that district courts should not grant a TRO when the requested TRO "deals with a matter lying wholly outside of the issues in the suit." *Id.*

The reasoning for this rule is straightforward: "Ex parte temporary restraining orders... should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus, when a party moves for a temporary restraining order on an issue outside of the suit, the underlying purpose of the temporary restraining order is absent.

For a court to issue a TRO, the moving party must show (1) a likelihood of success on the merits; (2) irreparable harm; (3) a balance of equities in his favor; and (4) the TRO is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

**Discussion**

The Magistrate Judge recommended the denial of Plaintiff's motion for a TRO because the basis of the requested injunctive relief is unrelated to the pending claims against the above captioned Defendants. This lawsuit addresses the alleged indifference of Defendants to complications Plaintiff experienced from a COVID-19 vaccine. The Magistrate Judge correctly found that the Plaintiff's requests for a colonoscopy and orthopedic shoes are unrelated to this lawsuit. (Dkt. No. 41 at 7). The Magistrate Judge further found that even if the requested TRO fell within the ambit of this lawsuit, the TRO should be denied because Plaintiff could not meet the *Winter* requirement that he show a likelihood of success on the merits. (*Id.* at 4-5).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the Plaintiff's motion for a TRO should be denied.

**Conclusion**

In light of the foregoing, the Court **ADOPTS** the R& R as the order of the Court (Dkt. No. 41) and **DENIES** Plaintiff's motion to for a TRO (Dkt. No. 23)**.**

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

November 25, 2024
Charleston, South Carolina