IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Samantha Burdette, Nurse Driver, Dr. McCree,<br><br>　　　　　Defendants. | Case No. 2:24-00960-RMG<br><br>**ORDER & OPINION** |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 96) recommending that Defendants' motions for summary judgment be granted (Dkt. Nos. 78, 80). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' motions.

**I.　Background**

Plaintiff Robbie Collins is an incarcerated person proceeding pro se to bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by demonstrating a deliberate indifference to his serious medical needs.

Defendants move for summary judgment on the basis that Plaintiff has failed to state a claim upon which relief can be granted. (Dkt. Nos. 78, 80). Plaintiff responded in opposition (Dkt. Nos. 86, 90), and Defendants replied (Dkt. Nos. 87, 94). The Magistrate Judge issued a Report and Recommendation (Dkt. No. 96) and Plaintiff objected (Dkt. No. 98). The matter is now ripe for review.

1

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once

the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id*. at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co*., 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc*., 190 F.3d 285, 287 (4th Cir. 1999)).

**III.    Discussion**

After a thorough review of the R & R, the applicable law, the record of this case, and Plaintiff's objections—which are not substantive in nature but rather repeat the alleged factual basis for Plaintiffs' motions—the Court adopts the R & R in its entirety and hereby incorporates the R & R by reference. The Defendants are entitled to summary judgment. Plaintiff has not sufficiently pled a claim for deliberate indifference to serious medical needs. As explained by the Fourth Circuit:

> The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes. [T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. The first prong is objective and requires that the deprivation be "sufficiently serious"; the second requires us to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind."

*King v. Rubenstein*, 825 F.3d 206, 217-18 (4th Cir. 2016) (internal quotations and citations omitted). "Deliberate indifference is a high standard ... officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 F. App'x 786, 787 (4th Cir. 2013). Mere disagreement "regarding the proper course of treatment provides no basis for relief." *Id*.

The Magistrate Judge correctly concluded that Plaintiff cannot meet his burden of showing deliberate indifference on these facts. Plaintiff's deliberate indifference claim relies on the alleged inadequate medical treatment Plaintiff received between July 2022 and September 2023. Plaintiff's claim largely focuses on Defendants' alleged failure to adequately treat what he referred to as "knots" and "nodules" that he claims he developed following the receipt of a dose of the COVID-19 vaccine on July 22, 2022. (Dkt. No. 2 at 2-3; 2-1 at 4-6). Plaintiff's assertion that these "knots" and "nodules" were caused by the vaccine is based on his own diagnosis and not one of a medical professional, as required to state a serious medical need on these facts. *See Perry v. JPAY, Inc.*, No. 7:16-cv-00362, 2018 WL 1309743, at *8 (W.D. Va. Mar. 13, 2018) (holding that a prisoner who finds a correlation between dim cell lights and symptoms of eye strain, fatigue and headaches based on his own diagnosis and not one of a medical professional, was insufficient to state a serious medical need).

Furthermore, as the Magistrate Judge correctly held, even assuming the "knots" and nodules" constituted a serious medical need, Plaintiff has failed to sufficiently allege that any of the Defendants acted with deliberate indifference. *Wright v. Collins*, 766 F.2d at 849 (4th Cir. 1985) (finding inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and the medical personnel does not rise to the level of a constitutional violation). According to Plaintiff's own claims, in response to his complaints about the "knot" at the injection site and shortness of breath, Defendant McRee sent Plaintiff to receive an x-ray.[1]

---

[1] Defendants assert that Plaintiff's Complaint incorrectly identifies Defendant Dr. McRee as "Dr. McCree." (Dkt. No.78-1 at 1.) The Court refers to this Defendant by his correct name, Dr. McRee

(Dkt. Nos. 2 at 1; 2-1 at 4). Plaintiff's assertion that the results of the x-ray mean that he should not have received the second dose of the vaccine amounts to a disagreement with his medical provider, not a claim for deliberate indifference. After continued complaints of pain due to "knots," Defendants ordered additional lab work and scheduled Plaintiff to see a specialist. *Id.*

Plaintiff's allegations fail to show deliberate indifference. Rather, the record shows that Defendants provided some medical treatment and Plaintiff disagreed with their professional judgment. While Plaintiff may believe he should have received different medical treatment, "[a] disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation." *Mickell v. Ozmint*, No. 3:08-cv-2973-RBH, 2009 WL 1361873, at *4 (D.S.C. May 11, 2009) (granting summary judgment on a 42 U.S.C. § 1983 deliberate indifference claim where "plaintiff disagrees with the treatment he has been offered").

Accordingly, the Court finds that Plaintiff has not sufficiently pled a claim for deliberate indifference to serious medical needs

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of the Court. (Dkt. No. 96). Defendants' Motions to Dismiss are **GRANTED** on the basis that Plaintiff has failed to state a 42 U.S.C. § 1983 deliberate indifference claim. (Dkt. Nos. 78, 80). Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

    s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

December 12, 2025
Charleston, South Carolina